FINLAY, PLAINTIFF AND APPELLEE, *v.* R. FABIÁN & Co., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 1, in an Action of Unlawful Detainer.

No. 1432.—Decided June 21, 1916.

LEASE —PAYMENT OF RENT.—When it is agreed in a contract of lease that the lessee shall pay a specific sum of money to the lessor on the last day of each month, it is clearly stipulated that the payment shall be made in money pursuant to section 1138 of the Civil Code.

ID.—PAYMENT OF RENT—ACCOUNT CURRENT.—Although the lessor may have agreed in a former contract of lease that the rent should be paid by crediting the same on an account current instead of payment in money, this does not mean that he also agreed to that form of payment in a later contract where it was agreed that payments should be made in money.

ID.—PAYMENT OF RENT—DEMAND FOR PAYMENT—UNLAWFUL DETAINER.—In a contract of lease in which the lessee agrees to pay the rent agreed upon on the last day of each month, his obligation to make the payment is complete on that day and no demand for payment need be made by the lessor; nor is the same necessary prior to the institution of an action of unlawful detainer.

ID.— DEPOSIT OF DEBT—OFFER OF PAYMENT—RELEASE.—In order that the deposit of a debt may release the obligor, the offer of payment must be made before the expiration of the time fixed for the fulfilment of the obligation.

ID.—ESTOPPEL—UNLAWFUL DETAINER.—There is no provision of law by which a lessor is estopped from bringing an action of unlawful detainer because five months have elapsed without payment of rent.

ID.—JUDGMENT—UNLAWFUL DETAINER—ATTORNEY FEES—AMOUNT IN DISPUTE.— The only pronouncement that a judgment of unlawful detainer can contain is whether or not the action is sustained, and if sustained, to order that the property be vacated. The action is not brought to recover instalments of rent due, for defenses to the action are limited although failure to pay the rent is one of the grounds for the action; therefore, as no amount is involved in the action, attorney fees cannot be allowed.

EQUITY.—When a thing is ordered or prohibited by law equity cannot intervene to the contrary or to excuse the obligation.

COSTS—TEMERITY OR BAD FAITH—DISCRETION OF COURT.—Costs and disbursements may be imposed in any case by the court at its discretion if there is guilt, temerity or bad faith.

The facts are stated in the opinion.

*Messrs. Bosch & Soto* for the appellants.

*Messrs. J. Henri Brown* and *Engenio Benítez Castaño* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal by the mercantile partnership R. Fabián & Company from a judgment sustaining the complaint in an action of unlawful detainer brought against it by Josefina Finlay on September 1, 1915, on the ground that the firm had not paid the rent of her house, No. 19 San Justo Street, due for the months of April, May, June, July and August of the said year.

In support of the prayer for a reversal of the judgment the appellants allege that the court committed various errors, the first being as follows:

"1. In sustaining the complaint on the ground of failure to pay the rent agreed upon, notwithstanding the evidence introduced by the defendants and admitted by the court showing that payment was made in the manner agreed upon by the parties."

The complaint is based on a written contract of April, 12, 1915, which went into effect on the first of said month, whereby Rafael Fabián, as attorney in fact of his wife, Josefina Finlay, leased the said house to the defendant partnership for a term of six years and three months at a yearly

rental of $2,400 payable in monthly instalments of $200 on the last day of each month during the term of the contract.

From the pleadings of the defendants and the evidence introduced by them it appears that the plaintiff is a silent partner of the defendant firm and the wife of the managing partner, Rafael Fabián; that early in the month of April, 1915, serious discord arose between the spouses as a result of which Josefina Finlay brought an action for divorce in the same month; that the defendant partnership had been doing business for many years in the said building, in which it possessed certain interests, but finally the plaintiff became its sole owner; that prior to the said written contract of lease there was a verbal contract of lease and the defendant firm carried on its books an account current with the plaintiff in which since the year 1913 it had debited her with payments for taxes and other expenses paid for her account, and on March 31, 1914 and 1915, had credited her with the rent due for the interests she held in the house, and that on the last days of the months of April, May, June, July and August, 1915, the corresponding monthly rent instalments of $200 were also credited to that account.

In view of the said facts the appellants maintain in support of the first assignment of error that nothing having been agreed upon in the contract regarding the manner of payment, inasmuch as the stipulations for the amount of rent and the date of its payment do not determine the manner in which the payments should be made, such manner of payment was open to an express or implied agreement between the parties and that they had proved that the payments of the monthly instalments of rent referred to in the complaint were made in the customary way and as agreed upon by the parties.

The appellants are mistaken in considering that the parties entered into no agreement regarding the manner in which the rent should be paid, for, as it was stipulated in the contract that the partnership should pay the owner $200 on the

last day of each month, they clearly agreed to deliver the
money to her; for section 1138 of the Civil Code provides
that the payment of money debts shall be made in the kind
agreed upon.

It is true that the parties may modify their agreements,
but in this case there is no proof that the plaintiff agreed
with the defendants upon a form of payment different from
that set out in the contract—that is, the monthly payment
of the amount fixed as the rent of the property—for the fact
that prior to the contract upon which the action is based the
rent was paid by credits on an account current is not such
proof, nor is it shown in any way that this manner of pay-
ment was accepted by Josefina Finlay. The contract upon
which the action was brought having been entered into about
the time of the cessation of the marital relations between
the plaintiff and her husband, the managing partner of R.
Fabián & Company, and the action for divorce having been
brought before the first instalment of rent became due, the
said managing partner could not expect that the owner of
the house would be as tolerant regarding the manner of the
payment of the rent as she might have been before, and he
should have followed the advice of his other partner to pay
the same in cash, as was agreed upon, if he wished to avoid
the action which has resulted. Mere compliance cannot be
construed into an agreement that payment shall be made in
a manner different from that expressly agreed upon. *Gar-
cia* v. *Fernández,* 8 P. R. R. 102. Besides, even supposing
that during the term of the former contract the plaintiff may
have accepted payment of the rent by credits on an account
current, this would not prove that she had agreed to that
manner of payment under the later contract, in which it was
expressly stipulated that payments should be made in money.

The appellants also contend that the defendant partner-
ship had paid the rent because it had a right to set off its
debt for rent against the amount which the plaintiff owed
it at times for various items, according to the account current.

It is not necessary to consider this question, for although in an action of unlawful detainer to recover the possession of the property on the ground of failure to pay the rent the defendants might have the right to set up a counterclaim, here the account current presented by the defendants shows that on August 31, the day before the complaint was filed, there was a balance of $551.47 in favor of the plaintiff, and therefore, at least the rents for July and August were owing to her.

The second assignment of error is as follows:

"2. Failure to recognize the principle of law which imposes upon the lessor the obligation to demand payment of the lessee before having recourse to the special action of unlawful detainer. Even disregarding the said principle of law, the court should have taken into consideration the circumstances of this case and dismissed the complaint for failure of the plaintiff to notify the defendants that she did not wish the payment of the rent to continue to be made in the same manner as before, especially since the plaintiff permitted compliance with the contract in that form for five months before bringing the action of unlawful detainer."

The first of the two questions included in this assignment of error is whether payment of the rent must be demanded before an action of unlawful detainer can be brought.

Section 1472 of the Civil Code provides, among other causes, that the lessor may judicially dispossess the lessee for default in payment of the price agreed upon. But in order to constitute default in payment, is it necessary that demand be made upon the debtor? The appellants maintain that it is.

Section 1058 of the Civil Code prescribes that obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations; therefore, as R. Fabián & Company agreed to pay the rent to the plaintiff on the last day of each month, they contracted an obligation to make the payment on that day without the necessity of any demand, for their obligation

to pay was not subordinate to that condition and the lessor was under no obligation to demand payment before bringing an action of unlawful detainer. Section 1458 of the Civil Code makes it obligatory on the part of the lessee to pay the rent in the manner agreed upon, and in the present case the stipulation was that the lessee firm should pay on the last day of each month. In the case of *Garcia* v. *Fernández, supra,* the same question was submitted and this court affirmed the judgment of unlawful detainer. It has been held repeatedly that in order that the deposit of the amount due may release the debtor, payment should be tendered before the expiration of the term in which the debt becomes due. Judgment of the Supreme Court of Spain of November 26, 1896; *Garcia* v. *Fernández, supra,* and *Veve* v. *The Fajardo Sugar Growers' Association,* 18 P. R. R. 277.

In the second assignment of error under consideration the appellant contends that the action of unlawful detainer should be dismissed because of the failure of the plaintiff to notify the defendant partnership that she objected to a continuance of the former method of paying the rent—that is, by crediting the amounts on an account current, especially since the plaintiff permitted that method of payment under the contract for five months and then brought an action of unlawful detainer.

As to this contention, it is sufficient to repeat what we said previously, namely, that the stipulations of a previous contract cannot be applied to a new one and that, moreover, it was not shown that the plaintiff agreed with the defendant partnership in the old contract that payment should be credited on account current and not made in money. Nor does the fact that the plaintiff allowed five months to elapse before bringing an action of unlawful detainer signify that she agreed that the defendants should pay her by crediting her with the rent in account current.

The third assignment reads as follows:

"3. Ignorance of or failure to apply to this case the doctrine that the summary action of unlawful detainer does not lie when

the relations between the lessor and the lessee are not exclusively
derived from the contract of lease, but other and different relations
which establish rules of action, ties and circumstances impossible to
estimate and justly pass upon in the special action of unlawful de-
tainer, which, on the other hand, contemplates exclusively the ground
upon which the action is brought or the circumstances referring
thereto, and this principle was likewise infringed by the court in
considering circumstances affecting rather the contract on which the
action is based than the ground for the alleged unlawful detainer.''

It has not been shown in the present case that the rela-
tions between the lessor and the lessee partnership do not
arise exclusively from their contract. The complaint is
based upon the failure to make payment and the defendant
partnership sought to prove payment by presenting an ac-
count current in which the rent instalments were shown to
be credited to the plaintiff; therefore, the only question is
whether the payment in that form is the payment contem-
plated by the contract. We have said before that payment
so made was not the manner of payment agreed upon, and
the other question relative to the relations between the plain-
tiff and one of the managing partners of the defendant part-
nership in nowise changes or alters the juristic relation be-
tween the parties to this action and are not relevant to the
question arising from the pleadings, wherefore the alleged
error does not exist.

The fourth assignment of error follows:

''4. The theory of estoppel generally recognized by jurispru-
dence and enacted in the law of evidence which prohibits the plaintiff
from denying or invalidating a state of facts acquiesced in by him
and acted upon by the defendant, if such denial or invalidity results
in prejudice to the plaintiff.''

This assignment of error rests on the false basis that
the plaintiff agreed that the rent due her should be paid by
crediting it on her account current, but after what we have
held on this point no further consideration thereof is neces-
sary.

Nor can the fifth assignment of error, alleging laches because the plaintiff allowed five months to elapse before filing her complaint, be sustained. The action of unlawful detainer is governed by statute and we know of no provision, nor is any cited, by which the plaintiff is estopped from bringing an action of unlawful detainer because five months have elapsed without any payment of rent having been made to her.

In the sixth assignment of error the appellants contend that the trial court should not have rendered a judgment of unlawful detainer, because the courts view unfavorably the annulment of contracts and are inclined to construe them in a manner favorable to their validity, giving a favorable view to the circumstances or equitable and reasonable excuses tending to avoid their annulment.

However, the only question in this case is whether the defendants complied with their obligation to make payment as agreed upon in their contract, and if, as we understand, they did not do so, they violated the obligation which the law imposes upon them to pay the rent according to the conditions agreed upon, and such principles of equity as those referred to are inapplicable. When the law orders or prohibits the doing of a thing equity cannot interfere to the contrary or excuse the obligation. I Story's Eq. Jur. p. 61.

The last assignment of error is based upon the allowance of costs, disbursements, and attorney fees by the judgment, on the ground that, although it be admitted that the law is applicable, there was abuse of discretion in imposing them, in view of the defendants' lack of temerity.

The action of unlawful detainer is a special proceeding of a summary character the purpose of which is to recover the material possession of real property by evicting therefrom the person who may detain or hold the same without paying any rental or other consideration, or the person to whom the property is leased when he fails to comply with any of the conditions of the lease. *Garcia* v. *Brignoni,* 22 P. R. R. 331,

and cases cited. The only pronouncement that a judgment of unlawful detainer may contain is whether such action is sustained and, if so, to order the dispossession of the property. The said proceeding was not established for the purpose of recovering amounts due for rent, for its defenses are limited, although the failure to pay the rent is one of the causes which give rise to the action of unlawful detainer. The case of *Cordero* v. *Porto Rico Publishing Co.*, 9 P. R. R. 285, which allowed the joinder of actions for the recovery of rent and for eviction, was an ordinary action and not the special action of unlawful detainer. There is no amount involved in an action of unlawful detainer notwithstanding that for the purposes of determining the jurisdiction of the court the statute provides that municipal courts shall have jurisdiction of cases where the rent, consideration, or amount to be paid under any contract does not exceed one thousand dollars annually and that in all other cases district courts shall have jurisdiction. Therefore, it is not the value of the property which confers jurisdiction, for if it is a case of tenancy by sufferance the district court will have jurisdiction no matter how small the value of the property may be, and if the annual rental does not exceed one thousand dollars the municipal court will have jurisdiction.

Therefore, as no amount is involved in the present case the lower court erred in requiring the defendants to pay the attorney fees of the adverse party, for, according to the Act of March 12, 1908, it is empowered to allow attorney fees only when the amount involved is more than five hundred dollars and culpability exists. *Modesto et al.* v. *Estate of Dubois*, 16 P. R. R. 709; *Rosa María Cruz*, v. *Santiago*, *ante* p. 100.

As to the allowance of costs and disbursements, the judge may impose them at his discretion in any case where culpability, temerity, or bad faith exists. *Martínez* v. *Padilla*, 19 P. R. R. 582.

It was the duty of the defendants to pay the rent to the

plaintiff in money, and the fact that they made the payments by crediting the amounts on an account current for no other reason than the marital relations which existed between the plaintiff and one of the members of the defendant partnership, does not excuse their conduct after a break in such relations occurred, and the defendants acted with temerity in making payment in a manner other than that agreed upon; therefore we cannot change that pronouncement of the judgment.

For the foregoing reasons the judgment appealed from should be affirmed except as to the allowance of the fees of the attorney for the plaintiff.

*Affirmed as modified.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.